THE MAYOR, &c., OF THE CITY OF HOBOKEN v. JOHN KAMENA ET AL.

1. A mere failure by a city treasurer to place the moneys of the city in a particular depository designated by an ordinance of the common council, is not proof that such moneys have been wasted or embezzled, and does not show that they were not appropriated to the use and benefit of the city. Such conduct on the part of the treasurer may be irregular, but it cannot be legally inferred that it was fraudulent.

2. When a city treasurer, who was a defaulter in the previous years of his official existence, is elected his own successor and has given a new bond, the sureties on such bond can only be held liable for his failure to perform his official duties during the time he held office under his last appointment.

3. Independent of any actual appropriation of moneys to make good the misappropriations of previous years, sound legal principle will not permit the application of city funds, received by the treasurer subsequent to the taking effect of the last bond, to the relief of the sureties on the bond or bonds covering the time when the treasurer was guilty of fraud or embezzlement.

4. *State* v. *Sooy*, 10 *Vroom* 539, distinguished.
5. The fact that the treasurer drew from the treasury moneys to reimburse himself for so much that he had advanced from his own private funds for the use and benefit of the city, and the transaction being free from fraud, cannot amount to a misappropriation or embezzlement.

In debt on treasurer's bond.

This action was brought by the mayor and common council of the city of Hoboken against John Kamena and his sureties, on a bond given by Kamena to the plaintiffs upon his election as treasurer of Hoboken. The facts appear fully in the opinion of the court.

Argued at June Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices DALRIMPLE and WOODHULL.

For the plaintiff, *John C. Besson.*

For the defendants, *G. Collins.*

The opinion of the court was delivered by

DALRIMPLE, J. This action is brought against Kamena and his sureties on an official bond given to the plaintiff, conditioned that the defendant, Kamena, would truly and faithfully perform all the duties enjoined on him as treasurer of the city of Hoboken, and would safely and securely keep the moneys of the said city entrusted to him as treasurer as aforesaid. This bond bears date the fourteenth day of June, 1877, and was approved and accepted on the fifth day of July then next following.

Kamena was first elected treasurer of Hoboken in May, 1872, and annually thereafter re-elected to and including the year 1877. At his last election, failing to enter into the required bond, the office was on the twenty-ninth of May, 1877, declared vacant, and on the same day Kamena was appointed to fill the vacancy for the ensuing year. In pursuance of this

appointment, the bond in question in this suit was given and accepted by the city as already stated.

It is for breach of the conditions of this bond that this action has been brought.

The first issue raised by the pleadings is whether, prior to the giving of the bond, Kamena had been, to the knowledge of the city, guilty of embezzlement of the public moneys entrusted to his charge, and of which his sureties were ignorant and not informed by the city.

The only finding on this point by the special verdict on which the case is presented at bar is, that by special city ordinance the treasurer was required forthwith to deposit all moneys which he might from time to time receive, in such one or more banks as the council might direct, and if no such direction was given, then in such bank as he should select, and that the council having under this ordinance directed the treasurer to deposit the city funds received by him in the First National Bank of Hoboken, he failed to comply with such direction. This fact, however, does not show any fraudulent dealing by the treasurer with respect to or misappropriation or embezzlement by him of the city funds. A mere failure to place the moneys of the city in a particular depository designated by council, is not proof that such moneys were misappropriated, wasted or embezzled, and does not show that they were not appropriated to the use and benefit of the city. The treasurer's conduct in not depositing the city funds in the bank designated by council may have been irregular, but from this fact alone it cannot legally be inferred that it was fraudulent. The bond cannot be avoided on the ground suggested.

We come, then, to the question whether from the facts found in the special verdict it is shown that there was any misappropriation or embezzlement of the city funds by the treasurer between the fifth of July, when the bond was accepted, and the twenty-second of November next following, when he resigned his office. It is conceded that he was a defaulter in the previous year or years of his official existence.

The sureties on the bond in suit, however, can only be held liable for his failure to perform his official duties during the time that he held office under his last appointment, after they had become and been accepted as sureties on his bond. The argument of the plaintiff's counsel is that, as matter of law, the moneys received by the treasurer subsequent to the 5th of July must be considered as appropriated to make good the misappropriations of the previous years, and thereby it will appear in the negative of the words of the condition of the bond that the treasurer did not faithfully and truly perform all the duties enjoined on him, and did not safely and securely keep the moneys of the city entrusted to him as treasurer. I do not think this contention is true in law or fact. It is not found as matter of fact that the treasurer appropriated city funds, received by him subsequent to the delivery of the bond in suit, to make good embezzlements of which he had been guilty prior to that time. The case in this respect is not analogous to the case of *State* v. *Sooy*, 10 *Vroom* 539. In that case the state treasurer, to cover up prior misappropriations, had directly diverted and misapplied funds subsequently received. Independent of any actual appropriation, it appears to me that sound legal principle will not permit the application of the city funds of which the treasurer was in receipt subsequent to the taking effect of his last bond, to the relief of the sureties on the bond or bonds covering the time when the treasurer actually made default, or was guilty of fraud or embezzlement. It appears to me that it would be but a waste of time to enter upon a discussion or to make reference to cases in support of the legal rule applicable to this part of the case. The question involved has but recently been exhaustibly discussed in this court and in the court of last resort in *State* v. *Sooy*, 10 *Vroom* 539 ; *S. C.*, *ante* 394. I may, however, be permitted to add that the question should be considered as free of all doubt, when we advert to the fact that the condition of the bond in suit only requires the treasurer to safely and securely keep the funds of the city entrusted to him. If this has been done, no liability has been incurred

by either principal or surety. Such being the fact, the bond cannot properly be said to have been forfeited. The liability of neither principal nor surety is greater than it would have been if a person other than Kamena had been his predecessor. Whether Kamena was his own successor or not, all that his sureties were bound to look to was, that he faithfully kept and disbursed the city funds which came to his charge subsequent to the time when the bond in question was accepted, whether those funds came from a prior treasurer or other source. That there was a failure by Kamena in this regard, I do not think is shown from the facts found. On the contrary, I think it appears that the treasurer paid to and for the city all of its moneys which he received subsequent to the 5th of July. It does not appear that any of these payments were made to cover up the defalcations of former years. The result therefore is, that no embezzlement has been shown during the time to which this bond relates. The plaintiff, however, contends that such embezzlement is legally deducible from the fact that during the period of time covered by the bond in suit, the treasurer transferred funds properly applicable to one department or account to another to which they did not belong. Assuming, without now intending to decide that such is the legal effect of the facts found, I cannot see that thereby the treasurer was guilty of embezzlement or misappropriation; though we admit that under the circumstances such an act was a violation of official duty, the moneys thus transferred were not lost to the city. If there was a misfeasance in office, the most that the city could recover would be the actual damages sustained thereby. That question cannot now be considered, because there is no issue on the record raising it.

It is in the next place contended that the payment of $10,000 by the treasurer to the county collector in September, 1877, for or on account of the county tax of 1876, was a misappropriation of funds in hand at the time of such payment. The facts in respect to this charge as found are, that in January, 1877, the treasurer transmitted by mail to

the county collector, on account of county tax due from Hoboken, a check of a third person for $10,000. The check miscarried, and was not received by the county collector. The money mentioned in it was afterwards collected by the treasurer from the drawer of the check, and in September, 1877, paid to the county collector. This item did not, and, as it seems to me, could not, properly enter into the accounts covered by the last bond.

It is further contended that the treasurer misappropriated $3100, in that he drew from the city treasury this amount for his own personal use and benefit. But as the verdict finds that this was done simply to reimburse himself for so much that he had advanced from his own private funds for the use and benefit of the city when away from his office, and the transaction, being free of all fraud in fact, did not, I think, amount to misappropriation or embezzlement. By it the city lost nothing.

The plaintiff is entitled to judgment in its favor, for nominal damages only, on the issue that the treasurer did not deposit in the bank designated by council the funds of the city entrusted to his keeping.